UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEFFERY S. WASHINGTON, : | |
|     Petitioner, : | |
| v. : | C.A. No. 03-444S |
| : | |
| A.T. WALL, : | |
|     Respondent. : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    Petitioner Jeffery Washington is serving a life sentence at the Rhode Island Adult Correctional Institutions for the 1987 brutal rape and murder of a 73-year-old double amputee. State v. Washington, 581 A.2d 1031, 1032 (R.I. 1990).  On January 22, 2014, he filed a second Petition for Writ of Habeas Corpus in this Court.  ECF No. 22.  The Petition was denied nine days later by a brief Order – as grounds for denial, this Court relied on the entry of judgment against Petitioner on his prior federal habeas petition on January 22, 2004, and on the denial of his request for leave to file a second or successive petition by the United States Court of Appeals for the First Circuit on December 28, 2010.  ECF No. 24.

    Without moving for or obtaining a Certificate of Appealability pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c), Petitioner filed a notice of appeal from the denial of his new Petition.  ECF No. 28.  In connection with this appeal, Petitioner has moved for leave to proceed *in forma pauperis* ("IFP").  In support of the IFP Motion, he contends he is unable to pay the costs of this proceeding and that the Prison Litigation Reform Act amendments to 28 U.S.C. § 1915, which require prisoners to pay the full amount of filing fees in civil actions, do not apply to this case because it is a habeas petition filed under 28 U.S.C. § 2254.  See Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997).  The IFP Motion has been referred to me for

determination; however, because I find that the Motion should be denied, I address it by way of this report and recommendation.

I.   **Background**

Following a jury trial in May 1989, Petitioner was convicted of first-degree felony murder, involving aggravated battery and torture, and was sentenced to life without parole. Washington v. State, 989 A.2d 94, 97-98 (R.I. 2010). His conviction was affirmed on appeal by the Rhode Island Supreme Court on November 2, 1990. State v. Washington, 581 A.2d 1031 (R.I. 1990). His first collateral attack on his conviction did not come for almost eight years; on April 2, 1998, he filed a petition for post-conviction relief in the Rhode Island Superior Court. Washington v. State, No. PM 98-1623, 2005 WL 1792112, at *9 (R.I. Super. Ct. July 18, 2005).

While the state post-conviction petition was still pending in the Superior Court, on September 29, 2003, Petitioner filed his first federal habeas petition. ECF No. 1. At the initiation of the first habeas, Petitioner paid the $5 filing fee and did not ask for leave to proceed IFP. ECF No. 1. On January 22, 2004, this Court granted the State's motion to dismiss the first petition – the claims were rejected on the merits because they were timed barred.[1] ECF No. 7. Petitioner filed an immediate appeal, moving in the District Court for a Certificate of Appealability and for leave to proceed IFP on appeal. ECF Nos. 9, 10, 14. Both motions were denied and Petitioner paid the filing fee. ECF No. 11, 16. The Circuit Court also denied his

---

[1] It is well settled that dismissal of a first habeas petition as time-barred is a decision on the merits, so that a later habeas petition challenging the same conviction is second or successive and is subject to the requirement of leave to file from the circuit court. In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (citing cases concluding that dismissal of time-barred petition requires circuit leave to file a second successive petition); Lebron v. Terrell, CR 05-24-ML, 2013 WL 443598, at *3 (D.R.I. Feb. 5, 2013) (§ 2255 petition dismissed as time-barred constitutes adjudication on merits for successive purposes); Cook v. Ryan, No. 12-11840-RWZ, 2012 WL 5064492, at *2 (D. Mass. Oct. 15, 2012) (based on survey of cases, concluding that dismissal for failure to meet statute of limitations is decision on merits requiring leave for second or successive petition).

application for a Certificate of Appealability on May 14, 2004, which terminated the appeal. ECF No. 20.

As these events were unfolding in the federal courts, Petitioner's 1998 post-conviction motion remained pending in the Rhode Island Superior Court. On June 24, 2004, an evidentiary hearing was convened and Petitioner testified in support of his petition. Washington v. State, 2005 WL 1792112, at *10. During his testimony, Petitioner claimed that he had seen a DNA report in the court file that indicated that his DNA did not match the crime scene and that he had sent the report to his prior counsel who never returned it. Id. at *12. The Superior Court rejected this claim based on the complete lack of evidence to support it. In a lengthy and well-crafted decision, the Superior Court denied the post-conviction petition in its entirety on July 18, 2005. Id. at *33. On July 26, 2005, without waiting for entry of final judgment, Petitioner prematurely appealed to the Rhode Island Supreme Court. Washington v. State, 989 A.2d 94, 98 n.3 (R.I. 2010). Meanwhile, on August 1, 2005, he filed a second application for post-conviction relief, this one based on "approximately fifty pages of laboratory documentation . . . withheld from him during his trial," which he claims he had received from the FBI; the Superior Court conducted additional hearings on this claim before denying it "consistent with the court's earlier 62-page written decision." Id. at 98 n.4. The Rhode Island Supreme Court consolidated the two post-conviction petitions and issued its decision affirming the Superior Court on February 25, 2010. Id. at 98, 106.

In late 2010, Petitioner returned to federal court, this time to the United States Court of Appeals for the First Circuit, where he filed an Application for Leave to File a Second or Successive Habeas Corpus Petition ("2010 Application") as required by Rule 9 of the Rules Governing § 2254 Cases. See 28 U.S.C. foll. § 2254. Petitioner's 2010 Application recited that

his constitutional rights were violated by the State's failure to provide him with a fifty-five page DNA report prepared by the FBI, which revealed that the crime scene DNA precluded him as the perpetrator. The Application variously asserts that he did not discover the report's existence until September 13, 2005, and did not receive a copy of it until January 13, 2005.[2] ECF No. 21. He argued – correctly – that he did not present this argument in his first federal habeas petition and that he did not exhaust state remedies with respect to this claim until February 25, 2010, when the Rhode Island Supreme Court rejected it in Washington v. State, 989 A.2d 94, 98 & n.4 (R.I. 2010). Facing this argument clearly grounded on a claim of actual innocence, the Circuit Court "carefully reviewed the petitioner's application." Washington v. Wall, No. 10-2445, slip op. at 1 (1st Cir. Dec. 23, 2010). Noting that Petitioner did not show that the factual predicate of his claim could not have been discovered earlier through the exercise of due diligence and that he did not show any factual support for his claim of the existence of exculpatory DNA evidence, the Circuit Court denied Petitioner's Application. Id. at 1-2.

Petitioner ignored the Circuit Court's warning that the denial of an authorization to file a second or successive application shall not be the subject of a petition for a writ of certiorari, id. at 2 n.1, and appealed to the United States Supreme Court. The Supreme Court denied his petition for writ of certiorari on October 7, 2013, and his petition for rehearing on December 9, 2013. Washington v. Wall, 134 S. Ct. 109 (Oct. 7, 2013); 134 S. Ct. 814 (Dec. 9, 2013).

Undeterred, Petitioner returned to this Court on January 22, 2014, filing the precise second Petition that the Circuit Court had refused to permit. This Court denied the Petition

---

[2] The confusion over the date Petitioner claims he became aware of or received the FBI DNA report is exacerbated by his current Petition, in which he appears to assert that he received a copy of the report on September 30, 2004. ECF No. 28-2 at 7. All of these dates of alleged discovery contrast with the reference in his testimony on June 4, 2004, when he described an exculpatory DNA report that he had seen but that had disappeared. Washington v. State, 2005 WL 1792112, at *12. The Superior Court rejected this claim based on the complete lack of evidence to support the existence of such a report. Id.

based on the entry of judgment against Petitioner on his prior federal habeas petition on January 22, 2004, and the denial of his request for leave to file a second or successive petition by the United States Court of Appeals for the First Circuit on December 28, 2010.  ECF No. 24.

This appeal and IFP Motion followed.

**II.     Analysis**

The IFP Motion is controlled by Fed. R. App. P. 24(a), which lays out the procedures applicable in a habeas corpus case to a request to proceed on appeal IFP for a claimant like Petitioner who was not granted leave to proceed IFP in the district court action.  Specifically, the Rule requires that such an IFP applicant provide this Court with an affidavit that (i) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (ii) claims an entitlement to redress; and (iii) states the issues that the party intends to present on appeal.

The first inquiry is whether Petitioner has demonstrated that he is financially qualified for IFP status.  On the record presented by his Motion, this is impossible to ascertain because Petitioner not only failed to supply an affidavit with his signature,[3] but also did not complete Form 4 as required by Fed. R. App. P. 24(a)(1)(A).  Most importantly, he failed to provide a certified copy of the receipts, expenditures and balances in his institutional accounts during the last six months.  With no information regarding his financial status beyond the obvious fact that he is incarcerated, I cannot find him entitled to proceed IFP and recommend that his Motion be denied without prejudice to refiling it with appropriate documentation.

The next – and in this case more serious – matters for consideration are Petitioner's entitlement to redress and the issues he intends to present on appeal.  Fed. R. App. P.

---

[3] Petitioner included the first page of a form entitled "In Forma Pauperis Affidavit."  However, this page indicates only that he is not employed; there is no additional information and no signature.  ECF No. 29-3 at 1.

24(a)(1)(B)-(C).  His Motion suffers from the potentially-curable defect that he failed to lay out these matters in an affidavit as the Rule requires.  But see United States v. Ramey, 559 F. Supp. 60, 67 (E.D. Tenn. 1981) (omission from affidavit of statement of issues to be presented on appeal fatal to IFP motion).  More substantively, examination of Petitioner's entitlement to redress and the issues he intends to present on appeal exposes that this appeal is frivolous and not taken in good faith because his first petition was denied in part on the merits, so that this Petition is a "second or successive petition" and he has already been denied leave by the Circuit Court to file it.  Austin v. Milyard, 485 F. App'x 914, 916 (10th Cir. 2012) (IFP status denied to habeas petitioner when claim is frivolous); cf. Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (district court must dismiss petition if it plainly appears there is no entitlement to relief).  The current Petition takes a run at the exact same argument rejected by the Circuit Court: a claim of constitutional deprivation based on newly-discovered DNA test results by the FBI crime laboratories that demonstrate actual innocence.  In the face of the Circuit Court's denial of leave to pursue this argument in a second or successive petition, Petitioner's attempt to pursue this appeal is frivolous and not taken in good faith; for that reason, I recommend that Petitioner's IFP motion be denied.  See Veal v. Jones, 349 F. App'x 270, 272 (10th Cir. 2009) (habeas petitioner allowed to proceed IFP when claims not so frivolous or unreasoned as to imply bad faith).

      The final matter that should be addressed is Petitioner's failure to seek or obtain a Certificate of Appealability, which the District Court must issue or deny when it enters a final order adverse to a habeas applicant.  See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Despite Petitioner's failure to request a Certificate, as required by First Circuit Local Rule 22.1(a), and mindful of the authority of the District Court to grant or deny the

Certificate *sua sponte*, I recommend that this Court deny the Certificate of Appealability for the reasons set out in this report and recommendation. See, e.g., Haynes v. Quarterman, 526 F.3d 189, 193-94 (5th Cir. 2008); Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004); Dominguez v. Duval, 851 F. Supp. 2d 261, 277 (D. Mass. 2012).

### III. Conclusion

Based on these reasons, I recommend that this Court certify that this appeal is not taken in good faith, that this Court determine that Petitioner should be denied a Certificate of Appealability and that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* be denied based on his failure to establish financial eligibility and the frivolousness of his Petition. ECF No. 29.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 10, 2014